IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Nel Steffens, Deputy Clerk                     Date: March 7, 2007
Therese Lindblom, Court Reporter
Elizabeth Oppenheimer, Probation Officer

Criminal Action No. 06-cr-00244-EWN

*Parties:*                                     *Counsel:*

UNITED STATES OF AMERICA,                      Kenneth Harmon and Tim Neff

    Plaintiff,

v.

2. GLENN PULLER,                               Peter Menges
5. CINDY INGRAM,                               Michael Norton

    Defendants.

---

### SENTENCING MINUTES

---

**2:18 p.m.**     Court in session.

**Defendant Puller pled guilty on November 20, 2006, to Count 1 of the Second Superseding Indictment.**

**Defendant Ingram pled guilty on November 20, 2006, to Count 10 of the Second Superseding Indictment.**

Argument regarding restitution as to Ms. Ingram by Mr. Neff.

Discussion regarding the restitution issue.

Mitigation statement by Mr. Menges.

*Sentencing Minutes*
*06-cr-00244-EWN*
*Judge Edward W. Nottingham*
*Page 2 of 5*

Statement by Defendant Puller.

Mitigation statement by Mr. Norton.

Statement by Defendant Ingram.

Statement by Mr. Neff.

Discussion regarding tax claims and homeowners' association losses.

Court's findings.

**ORDERED: 1.    Government's Motion for Sentencing Reduction for Defendant Glenn Puller Pursuant to U.S.S.G. § 5K1.1 (#244, filed February 7, 2007) is GRANTED.**

**ORDERED: 2.    Government's Motion for Sentencing Reduction for Defendant Cindy Ingram Pursuant to U.S.S.G. § 5K1.1 (#243, filed February 7, 2007) is GRANTED.**

**ORDERED: 3.    No fine is imposed.**

**ORDERED: 4.    Defendant Puller is imprisoned for a term of twelve months.**

**ORDERED: 5.    Defendant Ingram is imprisoned for a term of twenty-eight months.**

The court recommends FCI Oxford as the place of incarceration as to Defendant Puller.

The court recommends FCI Bryant as the place of incarceration as to Defendant Ingram. The court further recommends that the defendant be considered for participation in the Residential Drug Abuse Program.

**ORDERED: 6.    Upon release from imprisonment, defendants shall be placed on supervised release for a period of three years.**

**ORDERED: 7.    Within seventy-two hours of his release from the custody of the Bureau of Prisons, Defendant Puller will report in person to the probation office in the district in which he is released.**

*Sentencing Minutes*
*06-cr-00244-EWN*
*Judge Edward W. Nottingham*
*Page 3 of 5*

**ORDERED: 8.** **Within seventy-two hours of her release from the custody of the Bureau of Prisons, Defendant Ingram will report in person to the probation office in the district in which she is released.**

**ORDERED: 9.** **Conditions of supervised release as to Defendant Puller are:**

    **a.** **Defendant is to observe all of the standard conditions of supervised release.**

    **b.** **Defendant is not to possess any firearm, destructive device or any other dangerous weapon as defined by federal or state statute.**

    **c.** **Defendant is not to illegally possess or use controlled substances.**

    **d.** **Defendant is to submit to one drug test within 15 days of his release and two other periodic tests, as directed by the probation officer.**

    **e.** **Defendant is not to commit a federal, state, or local crime.**

    **f.** **Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with all periodic payment obligations imposed pursuant to the court's judgment and sentence.**

**ORDERED: 10.** **Conditions of supervised release as to Defendant Ingram are:**

    **a.** **Defendant is to observe all of the standard conditions of supervised release.**

    **b.** **Defendant is not to possess any firearm, destructive device or any other dangerous weapon as defined by federal or state statute.**

    **c.** **Defendant is not to illegally possess or use controlled substances.**

*Sentencing Minutes*
*06-cr-00244-EWN*
*Judge Edward W. Nottingham*
*Page 4 of 5*

      **d.**      **Defendant is to submit to one drug test within 15 days of her release and two other periodic tests, as directed by the probation officer.**

      **e.**      **Defendant is not to commit a federal, state, or local crime.**

      **f.**      **Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. Defendant shall be required to pay the costs of treatment as directed by the probation officer.**

      **g.**      **Defendant shall participate in a program for testing and treatment of alcohol abuse, as directed by the probation officer, until she is released from the program by the probation officer. She shall pay all costs associated with this program.**

      **h.**      **Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless she is in compliance with all periodic payment obligations imposed pursuant to the court's judgment and sentence.**

**ORDERED: 11.**    **Defendant Puller shall make restitution payments in the total amount of $236,764. This amount is owed jointly and severally with co-defendant Ronald Fontenot. As to $88,014 of the total amount, it is owed jointly and severally with co-defendants Ronald Fontenot and Torrence James. Restitution is to be satisfied no later than when the term of supervision expires. It is due and payable during the term of incarceration. Any unpaid balance is to be paid during the term of supervision in either a lump sum or in equal monthly installments, commencing within thirty days of release. The interest requirement is waived. Partial payments will be apportioned among victims in the ratio to which each victim's loss bears to the total loss.**

**ORDERED: 12.**    **Defendant Ingram shall make restitution payments in the total amount of $31,832. This amount is owed jointly and severally with**

**co-defendants Ronald Fontenot and Torrence James. Restitution is to be satisfied no later than when the term of supervision expires. It is due and payable during the term of incarceration. Any unpaid balance is to be paid during the term of supervision in either a lump sum or in equal monthly installments, commencing within thirty days of release. The interest requirement is waived. Partial payments will be apportioned among victims in the ratio to which each victim's loss bears to the total loss. Restitution is to be paid in payments of at least $50 per month, subject to revision.**

**ORDERED: 13.   Each defendant shall pay a special assessment fee of $100 due immediately.**

**ORDERED: 14.   Payments made pursuant to the court's judgment shall be applied in the following order:  (A.) special assessment, (B.) restitution principal.**

Defendants are advised of their right to appeal.

Defendants are remanded to the custody of the United States Marshal for the District of Colorado

**3:09 p.m.**   Court in recess.

Hearing is concluded.

Total time in court:   00:51